UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 08-175 (RJL) |
| v. | : | |
| FRANCISCO FERNANDEZ RIVAS, | : | VIOLATION: |
| Defendant. | : | |

FILED
AUG 2 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### STATEMENT OF OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, defendant **FRANCISCO FERNANDEZ RIVAS** ("**RIVAS**") and the United States agree and stipulate as follows:

1. Foreign nationals are eligible to obtain District of Columbia driver's licenses if they have proof that they are legally present in the U.S. and can continue to stay in the U.S. for at least another six months. A foreign national must also present proof of his name, date of birth, social security number, and District of Columbia residency. The District of Columbia Department of Motor Vehicles ("DMV") has specifically limited the types of documentation it will accept. For example, original birth certificates, unexpired passports, or resident alien cards can prove an individual's identity (i.e., name and date of birth). In addition to tendering the required documentation, a foreign national must complete and sign a driver's license application, certifying that the information contained therein is correct and accurate. The DMV employee processing the application is required to identify on the application the type of documentation that was presented by the applicant.

2. Applicants for driver's licenses must pass the following three tests: vision

1

screening, knowledge and street sign recognition, and "skills road." Applicants who possess a valid driver's license from another state, however, are only required to pass the vision screening test. Applicants who possess a valid driver's license from a foreign jurisdiction need not take the road test, but must successfully pass the vision screening and knowledge and street sign recognition tests.

3. On May 1, 2006, defendant **RIVAS** was arrested by the United States Capitol Police for driving without a permit. The District of Columbia Superior Court Judge assigned to the case encouraged defendant **RIVAS** to obtain a driver's license. On June 23, 2006, and September 11, 2006, defendant **RIVAS** attempted to obtain a driver's license from the State of Maryland where he resided. Each time, however, he failed the knowledge exam because he cannot read or write English or his native Spanish language.

4. Defendant **RIVAS** subsequently learned from a co-worker that he could purchase a facially valid District of Columbia driver's license. This co-worker provided defendant **RIVAS** with the telephone number of an individual who could assist him in purchasing a DC driver's license. Defendant **RIVAS** telephoned this individual who called himself Manuel. Approximately two weeks later, Manuel telephoned defendant **RIVAS** and instructed defendant **RIVAS** to meet him the following day at the Seven Eleven convenience store at the intersection of East West Highway and Riggs Road, in the State of Maryland. On February 1, 2007, defendant **RIVAS** went to that location and met Manuel, a hispanic man. Manuel drove defendant **RIVAS** to the Brentwood branch of the DC DMV. Defendant **RIVAS** paid Manuel $2,300 in U.S. currency. Once they arrived at the Brentwood DMV branch, Manuel parked in front of the DMV and instructed defendant **RIVAS** to go to the store next to the DMV and

purchase a $39 money order, and then, to go inside the DMV and ask to see the "hispanic woman."

5.  Defendant **RIVAS** went inside the DMV and was serviced by a female DMV employee who spoke to him in Spanish. Defendant **RIVAS** gave her his social security number and work permit that bore an expiration date of September 30, 2007. Defendant **RIVAS** did not complete any applications or take any tests, including the vision, knowledge, or road skills examinations. The DMV employee then directed defendant **RIVAS** to a customer service station to have his photograph taken. Shortly thereafter, defendant **RIVAS** was given a facially valid D.C. driver's license that falsely bore a D.C. address of 1351 13th St., NW. Defendant **RIVAS** went back to the parking lot to meet Manuel who gave him a ride back to his car at the Seven Eleven. Defendant **RIVAS** asked Manuel if he could exchange the DC driver's license for a Maryland driver's license. Manuel told him he could.

6.  On March 3, 2007, defendant **RIVAS** fraudulently obtained a Maryland driver's license from the Maryland Motor Vehicle Administration by presenting his fraudulently obtained District of Columbia driver's license in order to avoid taking any knowledge or road skills tests administered by the State of Maryland.

7.  On March 9, 2007, defendant **RIVAS** returned to D.C. Superior Court. When he showed the Judge his Maryland driver's license, the driving without a permit charge was dismissed.

X _____
**FRANCISCO FERNANDEZ RIVAS**, Defendant

3