

U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N.W*
*Washington, D C  20001*

May 23, 2008

**VIA FACSIMILE (202)842-1519**
Donald Schlemmer, Esquire
805 15th St., NW
Suite 100
Washington, DC 20005

CR:08-175 (RJL)

**FILED**

AUG 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:    Francisco Javier Fernandez Rivas

Dear Mr. Schlemmer:

    This letter sets forth the full and complete plea offer to your client, Mr. Fernandez Rivas. This offer is binding only upon the United States Attorney's Offices for the District of Columbia and Maryland. This plea offer will expire on June 2, 2008. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1. **Charges:** Mr. Fernandez Rivas agrees to waive Indictment and to plead guilty to Count Two of a two-count information charging a violation of Title 22, D.C. Code, Sections 3221(b), 3222(b)(2) (Fraud in the second degree). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Fernandez Rivas and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. It is anticipated that during the Rule 11 plea hearing, Mr. Fernandez Rivas will adopt and sign a Statement of the Offense as a written proffer of evidence.

    The government will move to dismiss the remaining count of the Information, charging aiding and abetting the production of an identification document without lawful authority, in violation of Title 18, U.S. Code, Section 1028(a)(1), at sentencing. Mr. Fernandez Rivas agrees that the count to be dismissed at the time of sentencing was based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and, thus, specifically agrees not to file any claim under that law.

    2. **Potential penalties, assessments, and restitution**: Mr. Fernandez Rivas understands that the maximum sentence that can be imposed is 180 days imprisonment, a fine of $1,000, and a $250 special assessment for the Crime Victims Assistance Fund, pursuant to Title 4, D.C. Code, Section 4-516. Notwithstanding the maximum sentence, Mr. Fernandez Rivas Fernandez Rivas understands that the sentence to be imposed in this case will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Fernandez Rivas further understands that he cannot withdraw his guilty plea if he is not pleased with the Court's sentence. This does not, however, limit Mr.

Fernandez Rivas's right to appeal an unlawful sentence.

    3. **Cooperation**: Mr. Fernandez Rivas agrees to cooperate completely, candidly, and truthfully in the investigation by this Office and the Federal Bureau of Investigation. Specifically, Mr. Fernandez Rivas agrees:

    a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation; *this investigation involves the sale of driver's licenses by DMV employee Patricia Gonzalez.* [initialed]

    b. to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

    c. to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    e. not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

    f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide; and

    g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

    4. **Government Concessions**: In exchange for his guilty plea, the government agrees not to oppose Mr. Fernandez Rivas's release pending sentencing, agrees not to oppose Mr. Fernandez Rivas's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Fernandez Rivas continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Fernandez Rivas in the United States District Courts in the District of Columbia or Maryland, and the Superior Court of the District of Columbia for the conduct outlined in the Information. This agreement not to prosecute Mr. Fernandez Rivas does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Fernandez Rivas.

5. At the time of Mr. Fernandez Rivas's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Fernandez Rivas to the United States.

6. **Court is not bound:** Mr. Fernandez Rivas understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decisions in these regards are not grounds for withdrawal from this agreement.

7. **Reservation of Allocution:** The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Fernandez Rivas's criminal activities, subject to the provisions of the following paragraph.

8. The United States and Mr. Fernandez Rivas hereby agree that since Mr. Fernandez Rivas has agreed to cooperate with the United States, information provided by Mr. Fernandez Rivas shall not be held against him, except as follows:

   a. information that was known to the United States prior to the date this plea agreement was agreed to by Mr. Fernandez Rivas;

   b. in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

   c. if there is a breach of this agreement by Mr. Fernandez Rivas, as determined under the provisions of this agreement.

In the event of such a breach, the United States retains the right to use any information provided by Mr. Fernandez Rivas to impeach him at any subsequent proceeding.

9. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Breach of Agreement:** If Mr. Fernandez Rivas fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if he commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Mr. Fernandez Rivas should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct

justice, the United States may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Fernandez Rivas's release (<u>for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct</u>); (b) Mr. Fernandez Rivas will not have the right to withdraw the guilty plea; (c) Mr. Fernandez Rivas shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Fernandez Rivas, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this cooperation agreement. Mr. Fernandez Rivas waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made.

11. In the event of a dispute as to whether Mr. Fernandez Rivas has knowingly given materially false, incomplete or misleading information in fulfilling the terms of his cooperation agreement or whether Mr. Fernandez Rivas has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Mr. Fernandez Rivas so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Mr. Fernandez Rivas's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

12. **Presence of Counsel**: At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Mr. Fernandez Rivas shall be entitled to the presence, advice, and assistance of counsel, unless waived.

13. **Interpreter**: Mr. Fernandez Rivas agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act", to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Mr. Fernandez Rivas agrees that it is unnecessary for the plea document to be re-written into your client's native language.

14. **USAO's Criminal Division Bound**: Mr. Fernandez Rivas understands that this agreement is binding only upon the United States Attorney's Office for the District of Columbia and Maryland. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative [immigration] claim pending or that may be made against Mr. Fernandez Rivas.

4 [initials]

15. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Fernandez Rivas, Mr. Fernandez Rivas's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Fernandez Rivas may indicate his assent by signing the agreement in the space indicated below and returning the original to the government once it has been signed by Mr. Fernandez Rivas and his counsel.

Sincerely yours,

*Jeffrey A. Taylor/STP*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *[signature]*
ELLEN CHUBIN EPSTEIN
SUSAN B. MENZER
Assistant United States Attorneys

I have read this plea agreement and have discussed it with my attorney, Donald Schlemmer, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 7-9-08

*Fernandez*
Francisco Fernandez Rivas
Defendant

   I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date:  7-9-08

*Josselin Saint-Preux*
JOSSELIN SAINT-PREUX

~~Donald Schlemmer, Esquire~~
Attorney for the Defendant